UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NHS, INC., <br><br> PLAINTIFF, <br><br> v. <br><br> THE PARTNERSHIPS IDENTIFIED ON SCHEDULE A, <br><br> DEFENDANTS. | CASE NO.: 1:25-CV-11618 <br><br> JUDGE CHARLES P. KOCORAS <br><br> MAGISTRATE JUDGE DANIEL P. MCLAUGHLIN |

**PLAINTIFF'S MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Plaintiff, NHS, Inc., ("NHS" or "Plaintiff") hereby moves this Honorable Court for entry of a preliminary injunction against the Defendants identified on Schedule A (the "Defendants"). The scope of the preliminary injunction is substantially identical to the Temporary Restraining Order (the "TRO"), entered October 10, 2025.

NHS brings the present action against the Defendants for federal trademark infringement and counterfeiting (Count I), false designation of origin, passing off, and unfair competition (Count II), and violation of the Illinois Uniform Deceptive Trade Practices Act (Count III). As alleged in NHS's Complaint [2], the Defendants are promoting, advertising, distributing, offering for sale, and selling products using counterfeit versions of NHS's federally registered Santa Cruz Trademarks [1] ("Counterfeit Products") through various fully interactive, commercial Internet stores operating under at least the online marketplace accounts identified on the Schedule A (collectively, the "Defendant Internet Stores" or "Seller Aliases").

---

[1] A true and correct copy of Plaintiff's federally registered trademarks was attached as Exhibit 1 to the Complaint, and was further defined as the "Santa Cruz Trademarks," in the Complaint. [1].

I.     STATEMENT OF FACTS

On October 10, 2025, this Court granted NHS, Inc.'s *Ex Parte* Motion for Entry of a Temporary Restraining Order. [20]. The TRO authorized NHS to provide notice of these proceedings and the preliminary injunction hearing to Defendants by electronically publishing a link to the Complaint, the TRO, and other relevant documents on a website, and by sending an email to the email addresses provided for Defendants by third parties which includes a link to said website as well as a copy of the documents filed by the Plaintiff. [20] at ¶ 8. This Court granted NHS's *Ex Parte* Motion to Extend the Temporary Restraining Order until November 7, 2025. [25]. Since, and pursuant to entry of the TRO, several financial accounts associated with the Defendant Internet Stores have been frozen. *See* the Declaration of Ann Marie Sullivan (hereinafter, "Sullivan Declaration") at ¶ 2.

NHS respectfully requests that this Court convert the TRO to a preliminary injunction against Defendants, so that they remain enjoined from the manufacture, importation, distribution, offering for sale, and sale of Counterfeit Products during the pendency of this litigation. As part of the Preliminary Injunction, NHS requests that Defendants' financial accounts remain frozen until completion of these proceedings.

II.    ARGUMENT

    A.   **A Preliminary Injunction Extending Relief Already Granted in the TRO Is Appropriate**

NHS respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by Defendants. Courts addressing similar allegations of Internet-based counterfeiting have also issued preliminary injunctions following a temporary restraining order. *See, e.g., Deckers Outdoor Corporation v. The Partnerships, et al.,* No. 1:15-cv-03249, Dkt. [33] (N.D. Ill. May 6, 2015) (Castillo, J.) (unpublished).

      i.      This Court has Already Found that the Requirements for a Preliminary Injunction have been Satisfied

The standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit; as such, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g., Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, 2001 WL 527404, at *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). By virtue of this Court's entry of the TRO, it has already found that the above requirements have been satisfied.

      ii.      The Equitable Relief Sought Remains Appropriate

The Lanham Act authorizes courts to issue injunctive relief "according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark …." 15 U.S.C. § 1116(a).

NHS requests conversion of the TRO to a preliminary injunction so that Defendants' accounts in U.S.-based financial institutions remain frozen. Since entry of the TRO, e-commerce platforms such as AliExpress.com ("AliExpress"), Amazon, Inc. ("Amazon"), DHGate.com ("DHGate"), eBay, Inc. ("eBay"), Shein.com ("Shein"), WhaleCo, Inc. d/b/a Temu ("Temu"), Walmart, Inc. ("Walmart"), and ContextLogic d/b/a Wish.com ("Wish") (collectively referred to herein as the "Online Marketplaces") and payment processors such as PayPal, Inc. ("PayPal"), Payoneer, Inc. ("Payoneer"), Stripe, Inc. ("Stripe"), Alipay US, Inc., ("AliPay"), and Amazon Payments, Inc. ("Amazon Payments") (collectively referred to herein as the "Payment

Processors"), have provided NHS with information, including the identification of several financial accounts linked to the Defendant Internet Stores which were offering for sale and/or selling Counterfeit Products. In the absence of a preliminary injunction, Defendants may attempt to move assets from accounts in U.S.-based financial institutions to offshore accounts. Therefore, Defendants' assets should remain frozen for the remainder of the proceedings.

The amount of damages to which NHS is entitled, as set forth in the Complaint, far exceeds any amount contained in any of the Defendants' frozen financial accounts. For example, NHS's prayer for relief requests statutory damages which can be up to $2 million per Defendant. [2]. In addition, and as established in NHS's TRO Memorandum [14], many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. *See, e.g., Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, 2005 WL 3115892 (N.D. Ill. Nov. 8, 2005). As such, an order continuing to freeze the Defendants' assets should be granted.

### III. CONCLUSION

In view of the foregoing, NHS respectfully requests that this Court enter the preliminary injunction against the Defendants identified on Schedule A.

Dated: November 4, 2025

Respectfully submitted,

*/s/ Gouthami V. Tufts*
Ann Marie Sullivan
Alison K. Carter
Gouthami V. Tufts
John Mariane

**SULLIVAN & CARTER, LLP**
111 W Jackson Blvd Ste 1700
Chicago, Illinois 60604
www.scip.law
929-724-7529
g.tufts@scip.law

***ATTORNEYS FOR PLAINTIFF***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 4, 2025 a true and correct copy of the above and foregoing document was: electronically filed, with the Clerk of the Court using the CM/ECF system; electronically published on a website to which the Defendants have been directed pursuant to the Service of Process; and emailed to all email addresses identified or provided for Defendants by the Defendants or third-parties, which includes a link to said website and a copy of the documents which have been filed by the Plaintiff.

*/s/ Gouthami V. Tufts*
Gouthami V. Tufts